IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DISVISION
5:11-CV-00188-RLV
(5:10-CV-00109-RLV)
(5:09-CV-00023-RLV)
(5:03-CR-00048-RLV-CH)

| | |
|---|---|
| ELIAS ECHEVERRIA-MENDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for a Writ of Habeas Corpus, which he contends is filed pursuant to 28 U.S.C. § 2241. After reviewing the extensive record as it pertains to Petitioner in the Western District and beyond, the Court finds that Petitioner's Motion is a successive petition under 28 U.S.C. 2255(h); that he has not secured the necessary authorization from the appropriate court of appeal; and that his Petition must therefore be dismissed.

**I. BACKGROUND**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255.

A review of the record reveals that on March 6, 2009, Petitioner filed a motion to vacate with this Court under section 2255 wherein he challenged his conviction and sentence in Case No. 5:03-cr-00048-RLV. (Case No. 5:09-cv-00023-RLV, Doc. 1.) Petitioner was convicted in

this District after pleading guilty to eight counts of a superseding indictment, and he appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. (5:03-cr-00048-RLV-CH, Doc. 513.) The Fourth Circuit filed an unpublished opinion affirming Petitioner's conviction and sentence. *United States v. Echeverria-Mendez*, 223 F. App'x 215 (4th Cir. 2007). After Petitioner filed his March 6, 2009, section 2255 petition, this Court conducted an initial review and notified Petitioner that he would have the opportunity to explain why he did not believe his petition should be summarily dismissed as untimely under the one-year statute of limitations as provided for in the AEDPA. (Case No. 5:09-cv-00023-RLV, Doc. 2 at 3); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). The Court noted that the March 6 petition was not filed until some twenty-two months after the Fourth Circuit entered its mandate, which was on April 25, 2007.[1]

On March 25, 2009, Petitioner filed a response and asserted that he spoke little English, that he was unaware of the one-year deadline, that he had little understanding of the judicial system, and that he believed his attorney was going to file a writ of certiorari with the Supreme Court on his behalf. The Court considered Petitioner's response and concluded that he neither established a statutory basis to excuse his late filing nor could show grounds to support the extraordinary remedy of equitable tolling. (Case No. 5:09-cv-00023-RLV, Doc. 4.) Accordingly, the Court entered an Order dismissing Petitioner's section 2255 petition as untimely. Petitioner did not file an appeal from that Order.

On May 18, 2009, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of California. (Case No.

---

[1] Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States. Therefore his conviction became final on or about July 24, 2007.

2

5:10-cv-00109-RLV, Doc. 1.) In this section 2241 petition, Petitioner argued that pursuant to the Supreme Court's holding in *United States v. Santos*, 553 U.S. 507 (2008), his conduct did not fall under the prohibitions of the money laundering statute under which he was convicted. (Case No. 5:10-cv-00109-RLV, Docs. 1, 3.) On June 22, 2010, the Eastern District of California, after determining that Petitioner's filing was challenging the legality of his sentence and thus was more properly brought pursuant to 28 U.S.C. § 2255 and to be heard in the sentencing court, ordered Petitioner to show cause as to why his petition should not be construed as a section 2255 motion and transferred the petition to the sentencing court. (Case No. 5:10-cv-00109-RLV, Doc. 8.)

Petitioner responded on July 2, 2010, objecting to construing his filing as a section 2255 motion and arguing that his claim was based on an intervening change in the law that established that he was actually innocent. (Case No. 5:10-cv-00109-RLV, Doc. 9.) Petitioner asserted that because section 2255 does not have a provision permitting a petitioner to pursue an intervening change in the law after the expiration of AEDPA's limitation period, his claim should be permitted pursuant to the savings clause of § 2255(e). (Case No. 5:10-cv-00109-RLV, Doc. 9.) The Court rejected Petitioner's argument that his claim was properly raised pursuant to 28 U.S.C. § 2241 and transferred his case to this Court. (Case No. 5:10-cv-00109-RLV, Doc. 10.)

The undersigned noted that the transferring court did not specifically order this filing to be converted to a motion pursuant to 28 U.S.C. § 2255. This Court found, however, that such a conversion was self-evident after examining the transferring court's analysis.[2] This Court

---

[2] This Court also noted that as Petitioner was not incarcerated in the Western District, the Court would have no jurisdiction over a habeas petition filed pursuant to 28 U.S.C. § 2241. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (citing Section 2241(a)).

3

recalled the section 2255 petition, which Petitioner filed on March 6, 2009, and determined that because Petitioner had not demonstrated that the appropriate court of appeals had certified his effort to file a successive claim, the May 18, 2009 petition must be dismissed. (Case No. 5:10-cv-00109-RLV, Doc. 12.) On January 13, 2011, Petitioner noted an appeal from this Order of dismissal (Case No. 5:10-cv-00109-RLV, Doc. 18), and the Fourth Circuit, in an unpublished opinion, dismissed Petitioner's appeal citing a lack of jurisdiction due to an untimely filed appeal. *United States v. Echeverria-Mendez*, No. 11-6077, 2011 WL 3267323 (4th Cir. Aug. 1, 2011); (Case No. 5:10-cv-00109-RLV, Doc. 21).

In the instant petition, which Petitioner identifies as being filed pursuant to 28 U.S.C. § 2241, he again seeks to attack his conviction and subsequent sentence. Petitioner raises various challenges, which generally rely on a finding that his convictions were obtained in violation of his rights as secured by the Tenth Amendment to the United States Constitution. As noted herein, Petitioner's conviction and sentence have been upheld by the Fourth Circuit on direct review, and Petitioner failed to file a timely section 2255 petition raising any challenges to his conviction and sentence. Petitioner further filed his May 18, 2009, petition, which was dismissed as being successive. Because this latest effort is yet another attack on his conviction and sentence, the Court construes this third effort as a successive section 2255 petition.

## II. CONCLUSION

The AEDPA is clear that this Court does not have jurisdiction to entertain a second, or in this case, a third, successive section 2255 petition unless the petitioner first obtains certification from the appropriate court of appeals. 28 U.S.C. § 2255(h). Petitioner has made no showing that he obtained the necessary authorization from the appropriate court of appeals, and therefore this petition must be dismissed.

4

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED**.

Signed: May 16, 2012

Richard L. Voorhees
United States District Judge